## Case No. 17,272.

### In re WATSON.

[4 N. B. R. 613 (Quarto, 197).] [1]

District Court, E. D. Missouri. 1871.

BANKRUPTCY PROCEEDINGS — JURISDICTION — RESIDENCE OF DEBTOR.

1. The debtor, being a resident of St. Louis with his family, bought a stock of goods in Montana in July, 1869; went to Montana in August, 1869, leaving his family in St. Louis; remained in Montana, except a few weeks, when on a business trip to St. Louis, until June, 1870; a petition in bankruptcy was filed against him in the Eastern district of Missouri, July 8th, 1870. *Held*, that Montana was his place of residence within the meaning of the bankrupt act [of 1867 (14 Stat. 517)], during the six months preceding the filing of the petition; the word "residence" in section 11 not being synonymous with the word "domicile."

[Cited in Ward v. Blake Manuf'g Co., 56 Fed. 440.]

[See In re Belcher, Case No. 1,237.]

2. Petition dismissed for want of jurisdiction.

[Cited in Ward v. Blake Manuf'g Co., 56 Fed. 440.]

TREAT, District Judge. On the 8th day of July, 1870, a petition with proofs was filed, to have defendant adjudicated a bankrupt, under section 39 of the bankrupt act. From the evidence offered it is clear that he had committed one or more of the acts of bankruptcy charged. The case, however, must turn on a jurisdictional question. On the 1st of July, 1869, defendant purchased of Kintzing, in St. Louis, a stock of goods, etc., in Montana, for seventeen thousand dollars, giving his notes therefor. Then he proceeded to New York, bought goods to be shipped for the purpose of replenishing the Montana store, to the amount of ten thousand dollars, paying only one thousand dollars cash. He also bought on credit goods in St. Louis to the same end. He was a married man, with four children, residing in St. Louis. In August, 1869, he left St. Louis for Montana, without his family, intending, as he swears, to reside permanently in that territory. After reaching that place, and attending to his business there for a few weeks, he visited St. Louis on business matters, connected with his Montana affairs, and returned to Montana about January, 1870. His commercial paper had, to some extent, matured, without payment, and towards the middle of February suits by attachment were brought against him in Montana, and his property seized thereunder. He continued in that territory, with reference to his business there, until the middle of June, when he returned to St. Louis, where, in less than a month, this proceeding under section 39 of the bankrupt act was commenced.

The questions pertaining to citizenship, domicile, and residence, with reference to the terms of that act, have been presented. What are the elements of "citizenship," the court, in this case, is not required to decide. "Domicile," as defined by jurists, and as settled by the United States supreme court, depending in part on the animus of the person, is not a proposition involved in the construction of this statute. Congress, in its wisdom, has chosen to exact that applications in bankruptcy shall be made "in the judicial district in which such debtor has resided, or carried on business, for the six months next immediately preceding the time of filing such petition, or for the longest period during such six months," the petition to set forth his place of residence, etc. In this case the debtor had resided actually, excepting during the short time he visited St. Louis on his Montana business, for more than ten months in Montana, and had carried on business as a merchant solely in that territory. There his property was situated and had been seized on attachment. True, he had not removed his family to Montana, although it had been his intention to do so. It is unnecessary to discuss the presumptions as to domicile arising from that fact; for the bankrupt act, it is clear, uses the term "residence," specifically as contradistinguished from "domicile," so as to free cases under it from the difficult and embarrassing presumptions and circumstances upon which the distinctions between "domicile" and "residence" rest. The debtor's residence was, during the preceding ten months, in Montana, and his sole place of business was there. His property, and the suits brought against him—indeed, all that could be beneficially reached by proceedings in bankruptcy—have reference to what was there, or being done there.

This case furnishes an apt illustration of the rule fixed by congress. If the debtor could be declared bankrupt by this court, and his estate adjudicated here, then every effective step with reference thereto would have to be taken by his assignee in Montana, involving not only the care of his property, all of which is there situated, but also the conduct of defenses in suits there pending, and the dissolution of attachments in the territorial courts. If the debtor was adjudicated bankrupt in that territory, all matters connected with the administration of his estate could be more conveniently and satisfactorily adjusted there. But the pure legal question is, whether the term "residence" is synonymous with "domicile," as used in the bankrupt act, or whether that term is used in its accurate legal sense, and is to be so applied. On that point, this court has no doubt. The proceedings in bankruptcy should be instituted with reference to the actual residence of the party, or his place of business. His domicile may be in a remote state, and yet he may be residing and carrying on business here; and if his creditors are compelled to ascertain where his domicile is, with the vague basis of the animus revertendi, or animus manendi, before securing their rights in the premises, they will necessarily be remitted to doubts and uncertainties, instead of open, visible, and positive facts. "Residence" is a fact easily ascertained; "domicile" a question difficult of proof. True, the two terms are often used as synonymous, but in law they have distinct meanings.

---

[1] [Reprinted by permission.]

The vexed questions concerning citizenship, domicile, and residence, under the United States constitution, so far as the respective states of the Union are concerned—with respect to which there are many conflicting views in decisions of courts and among commentators—are easy of solution in the light of elemental principles; but congress, as if ex industria, designing to escape that region of dispute, used a legal term about which there is no difficulty, either as to its accurate meaning, or as to the facilities of proof connected with it. The "residence" of the debtor was in Montana during all of the previous ten months, except the last few weeks, and the petition in bankruptcy should have been filed there. Hence this court dismisses the petition for want of jurisdiction.